NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-7999<br><br>Agency No.<br>A216-273-876<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026[**]
San Francisco, California

Before: MURGUIA, Chief Judge, and McKEOWN and PAEZ, Circuit Judges.

Raminder Singh ("Singh"), a citizen of India, petitions for review of the

denial of his applications for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the parties' joint motion to submit this case on the briefs and record, Dkt. 26.

Board of Immigration Appeals' ("BIA") decision except to the extent that the immigration judge's ("IJ") opinion was expressly adopted by the BIA. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review factual findings for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We grant the petition.

The BIA affirmed the IJ's denial of Singh's claims for asylum and withholding of removal on only one ground. The BIA determined that there was no clear error in the IJ's determination that, assuming that Singh suffered past persecution, the government satisfied its burden to establish that Singh could relocate within India. We conclude that the BIA committed reversible error by failing to "conduct a reasoned analysis with respect to [Singh's] individualized situation." *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (*Whitaker*).

First, *Whitaker* requires the agency to conduct the reasonable relocation analysis "in light of the specific persons or entities that caused [the] past persecution." *Id.* at 657. The IJ here, affirmed by the BIA, failed to acknowledge Singh's persecutors—members of the Congress Party and the Bharatiya Janata Party—and instead simply found that "it appears that [persons who hold pro-Khalistan views] would not 'face any ill treatment if they were to relocate to a state outside of Punjab.'" This does not constitute "a reasoned analysis with respect to [Singh's] individualized situation" because it does not consider whether Singh's

*specific* persecutors would persecute him outside of Punjab. *See Whitaker*, 914 F.3d at 661.

Second, *Whitaker* requires the agency "to specifically address [a petitioner's] stated intent to continue proselytizing for his party wherever he went." *Id.*; *see also Singh v. Garland*, 97 F.4th 597, 608 (9th Cir. 2024) (*Ajay Pal Singh*); *Singh v. Garland*, 118 F.4th 1150, 1166–67 (9th Cir. 2024) (*Jaswinder Singh*). While Singh testified that he intended to continue working for the Mann Party, neither the IJ nor the BIA addressed this fact. This "rendered the BIA's relocation analysis inadequate under our precedent." *Ajay Pal Singh,* 97 F.4th at 608.

Third, *Jaswinder Singh* cautions against relying on "an *omission* in the State Department reports about acts of persecution against Mann Party members." *Jaswinder Singh*, 118 F.4th at 1167. As that case explains, the "State Department reports do not purport to be comprehensive in their coverage of political and social issues within India[,]" and permitting such an "unsupported inference" would erroneously shift the burden to Singh to prove that relocation was not possible. *Id.* Here, the IJ and BIA relied on omissions in a report published by the Law Library of Congress in October 2020 ("2020 Law Library Report"), rather than affirmative findings that Mann Party members are not persecuted outside of Punjab. As we held in *Jaswinder Singh*, the 2020 Law Library Report "acknowledges that there are very few reports of relocation of Mann Party members." *Id.* at 1168 n.7. A

lack of information "about acts of persecution against Mann Party members does not support the inference that this form of persecution is 'rare' or non-existent." *Id.* at 1167. The IJ and BIA's conclusions based on the 2020 Law Library Report therefore constitute error because they "rest[] on impermissible speculation." *Id.*

Fourth, the IJ and BIA erred by anchoring much of their analysis on the persecution of Sikhs, as opposed to the persecution of Mann Party members. Because "[v]iolence against Sikhs and those who quietly hold pro-Khalistan views does not address Singh's asylum claim, which is premised on his active membership and participation in Mann Party activities," this evidence is also inadequate to satisfy the government's burden. *Jaswinder Singh*, 118 F.4th at 1167.

For the foregoing reasons, "[r]emand to the BIA is appropriate to determine whether relocation is feasible in Singh's case."[1] *Id.* at 1168.

**PETITION FOR REVIEW GRANTED and REMANDED.[2]**

---

[1] Separately, the government argues that Singh forfeited his claim for relief under the Convention Against Torture ("CAT") by failing to raise it in his brief. This argument is inapposite, as Singh only petitioned for review of his asylum and withholding of removal claims. Because Singh's CAT claim is not before this Court, we do not address it.

[2] We grant the motion to stay removal, Dkt. 4, pending issuance of the mandate.